**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-4004**

_____

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellant,

       versus

KELVIN LAMONT WILLIAMS,

                                    Defendant - Appellee.

_____

Appeal from the United States District Court for the District of South Carolina, at Columbia. Matthew J. Perry, Jr., Senior District Judge. (CR-04-378)

_____

Submitted: August 25, 2006            Decided: July 11, 2007

_____

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam.

_____

Reginald I. Lloyd, United States Attorney, Christopher Todd Hagins, Assistant United States Attorney, Columbia, South Carolina, for Appellant. Joshua Snow Kendrick, JOSHUA SNOW KENDRICK, P.C., Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kelvin Lamont Williams pled guilty to possession with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000), and possession of a firearm and ammunition after previously being convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (2000). The presentence report ("PSR") classified Williams as a career offender and assigned him an offense level of thirty-four with a criminal history of VI, which produced a sentencing guideline range of 262 to 327 months of imprisonment. During a sentencing hearing where neither party objected to the PSR, the district court accepted this range; however, without explanation, the district court varied from the range and sentenced Williams to two concurrent 120-month terms of imprisonment. The United States appeals this sentence, arguing that the sentence is unreasonable. We vacate the sentence and remand for resentencing.

Following the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), a sentencing court is no longer bound by the sentencing range prescribed by the guidelines. United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). When sentencing a defendant post-Booker, a district court must still calculate the proper guideline range and consider that range along with other relevant factors set forth in the guidelines and in 18 U.S.C.A. § 3553(a) (West 2000 &

Supp. 2006). See United States v. Green, 436 F.3d 449, 456 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). If the district court imposes a sentence outside of the guideline range, "[t]he district court must articulate the reasons for the sentence imposed, particularly explaining any departure or variance from the guideline range" in light of the factors in § 3553(a). Moreland, 437 F.3d at 432; Green, 436 F.3d at 456. The explanation of a sentence outside the guideline range "must be tied to the factors set forth in § 3553(a) and must be accompanied by findings of fact as necessary." Moreland, 437 F.3d at 432. Moreover, "if the sentence is imposed outside the Guideline range and the district court provides an inadequate statement of reasons . . . in departing from the Guidelines' recommendation[,]" then that sentence "will be found unreasonable and vacated." Green, 436 F.3d at 457; United States v. Hampton, 441 F.3d 284, 288-89 (4th Cir. 2006); Moreland, 437 F.3d at 436.

Here, the district court accepted the guideline range of 262 to 327 months. Before imposing sentence, the district court discussed the case generally with Williams and his counsel. This discussion centered on the fact that, although Williams had two prior convictions for controlled substance offenses that qualified him as a career offender, he had no other prior convictions for which criminal history points were assessed in the PSR. Williams also informed the court that he was thirty-four years old, had

- 3 -

graduated from high school, was married, had four children under the age of fourteen, suffered from serious medical conditions (including bronchitis, a heart murmur, and sleep apnea), and had worked for a lumber company and as a cook in a restaurant before his sleep apnea prevented him from working.

During this discussion, Williams' counsel requested a sentence below the advisory guideline range. In response, counsel for the government reviewed Williams' criminal history, contended that the grounds on which Williams relied would not justify a departure under the guidelines, and urged the district court to impose a sentence within the guideline range. In sentencing Williams to concurrent terms of 120 months of imprisonment (a downward variance of 142 months below the advisory guideline range), the district court offered no explanation for its decision to impose such a dramatic variance. Although the government objected based on the sentence being outside the guideline range, the district court noted the objection but did not elaborate on the basis for the sentence.

Under these circumstances, we vacate the sentence and remand this case so that the district court can resentence Williams in a manner consistent with our post-Booker precedent.* We express no opinion on the ultimate issue of whether the 120-month sentence

---

*We, of course, offer no criticism of the district court, which did not have the benefit of Green, Moreland, or Hampton at the time of sentencing.

is appropriate.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED